UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JTTONALI ONE EYE EL-BEY,          Case No. 1:21-cv-679
    Plaintiff,

                                                   Barrett, J.
vs.                                             Bowman, M.J.

BETHANY M. WALKER, *et al*.,          **REPORT AND**
    Defendants.                           **RECOMMENDATION**

Plaintiff, an inmate currently incarcerated at the Butler County Jail, has filed the instant *pro se* action. (Doc. 1).[1] The Court notes that the instant case is one of several cases that plaintiff has filed in this Court. *See, e.g.*, *El-Bey v. The United States of America, et al.*, No. 1:21-cv-574-MRB-SKB (S.D. Ohio); *El-Bey v. Wisecup, et al.*, No. 1:21-cv-678-MRB-SKB (S.D. Ohio); *El-Bey v. The United States Postal Service*, No. 1:21-cv-590-MRB-SKB (S.D. Ohio); and *El-Bey v, Sylvester, et al.,* No. 1:21-cv-680-MRB-SKB (S.D. Ohio). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis*.

This matter is now before the Court for a s*ua sponte* review of the complaint (Doc. 1-1) to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b). For the following reasons the complaint should be dismissed for failure to state a claim.

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an

---

[1]This Court understands the complaint to be filed under 42 U.S.C. § 1983, which provides a private cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. *See Wayne v. Village of Sebring*, 36 F.3d 517, 528 (6th Cir. 1994).

economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff alleges that on September 7, 2021, while at the Clinton County Jail, where he was housed prior to the Butler County Jail, defendant Theresa Wheeler accidentally opened a piece of his legal mail outside of his presence. (Doc. 1-1, at PageID 12; *see also* Doc. 1-1, at PageID 17). Plaintiff alleges that the piece of mail was from the Green County Child Support Enforcement Agency, had been "addressed improperly," and "should have been returned." (Doc. 1-1, at PageID 10, 13; *see also* Doc. 1-1, at PageID 14, 16-17).

Plaintiff further alleges that, on September 8, 2021, defendant Michael Wahl responded to plaintiff's "request for grievance" on the alleged opening of his legal mail by indicating "jail incident completed." (Doc. 1-1, at PageID 12; *see also* Doc. 1-1, at PageID 14). Plaintiff asserts, however, that Wheeler did not create an incident report on the matter until October 1, 2021, after plaintiff requested a copy of the incident report. (Doc. 1-1, at PageID 12-13). Although not entirely clear, it appears that plaintiff alleges that defendant Wahl conspired with

other supervisors, who are not named as defendants,[2] to have Wheeler's report dated September 7, 2021. (Doc. 1-1, at PageID 13).

The complaint also contains, apparently as background information, allegations from plaintiff's other lawsuits concerning unrelated events involving his arrest on December 5, 2020,[3] a trip to the Greene County Child Support Office and the Greene County Juvenile Court, correspondence to "Jim" at the Greene County Child Support Enforcement Agency, an incident at the post office, and another arrest on August 20, 2021. (*See* Doc. 1-1, at PageID 7-10).

Plaintiff seeks injunctive and monetary relief. (Doc. 1-1, at PageID 18).

Plaintiff s complaint is subject to dismissal at the screening stage for failure to state a claim upon which relief may be granted. As an initial matter, plaintiff's allegation that defendant Wheeler improperly opened his legal mail on a single occasion is insufficient to state a claim upon which relief may be granted. An isolated incident of inadvertent mail interference does not state a claim that rises to the level of constitutional magnitude. *See Okoro v. Scibana*, 63 F. App'x. 182, 184 (6th Cir. 2003) ("Such a random and isolated incident [of alleged interference with the plaintiff's mail] is insufficient to establish a constitutional violation."); *Johnson v. Wilkinson*, No. 98-3866, 2000 WL 1175519, *2 (6th Cir. Aug. 11, 2000) ("This random and isolated interference with [the plaintiff's] mail did not violate his constitutional rights."). *See also Whiting v. Washington Twp.*, No. 3:19CV1707, 2020 WL 1481449, at *5 (N.D. Ohio Mar. 23, 2020) (citing *Okoro* and other cases). Moreover, plaintiff has not alleged that Wheeler's

---

[2]To the extent that plaintiff asserts claims against non-defendants, those claims are subject to dismissal.
[3]Plaintiff mistakenly alleges that the arrest occurred on December 5, 2021. (*See* Doc. 1-1, at PageID 7). However, it is clear from plaintiff's reference to Case No. 1:21-cv-574, which is also pending in this Court and involves the same arrest (*see* Doc. 1-1, at PageID 7), that the alleged date should have been December 5, 2020. The Court may take judicial notice of proceedings in its own and other courts of record. *See Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader v. Public Bank*, 417 F.2d 75, 82 83 (6th Cir. 1969)). *See also National Union Fire Ins. Co. v. VP Bldgs., Inc.*, 606 F.3d 835, 839 n.2 (6th Cir. 2010); *Lyons v. Stovall*, 188 F.3d 327, 333 n.3 (6th Cir. 1999).

handling of his legal mail resulted in the loss of any non-frivolous legal claim. *See Lewis v. Casey*, 518 U.S. 343, 351-54 (1996).

Next, to the extent that plaintiff seeks to hold defendants Wheeler and/or Wahl liable for their failure to adequately investigate his administrative grievances or for their role in the grievance process, he also fails to state a claim upon which relief may be granted. "There is no statutory or common law right, much less a constitutional right, to an investigation." *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007); *see also Daniels v. Lisath*, No. 2:10-cv-968, 2011 WL 2710786, at *2 (S.D. Ohio July 13, 2011).

Further, to the extent plaintiff attempts to bring a conspiracy claim against defendant Wahl, it is well-settled in the Sixth Circuit that conspiracy claims must be pleaded "with some degree of specificity, and vague and conclusory allegations unsupported by material facts are not sufficient to state a claim." *Hamilton v. City of Romulus,* 409 F. App'x 826, 835 (6th Cir. 2010). *See also Boxill v. O'Grady*, 935 F.3d 510, 519 (6th Cir. Aug. 16, 2019) ("The plaintiff must plead enough facts to support a reasonable inference that there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant.") (internal quotation marks omitted); *Moldowan v. City of Warren,* 578 F.3d 351, 395 (6th Cir. 2009) (citing *Gutierrez v. Lynch,* 826 F.2d 1534, 1538 (6th Cir. 1987)) (affirming dismissal of conspiracy claims under 42 U.S.C. § 1983 because the plaintiff failed to plead the claims with the "requisite specificity"). Here, even construing the complaint liberally, plaintiff's factual allegations are insufficient to suggest that defendant Wahl conspired with anyone to deprive plaintiff of a constitutionally-protected right. Therefore, plaintiff's conspiracy claim fails to state a cognizable claim under 42 U.S.C. § 1983.

Additionally, to the extent that plaintiff's complaint pertains to his child-support obligations, such issues are within the exclusive jurisdiction of the states and fall outside the scope of federal jurisdiction.  *See In re Burrus,* 136 U.S. 586, 593-94 (1890); *Danforth v. Celebrezze,* 76 F. App'x 615, 616 (6th Cir. 2003).  This Court therefore lacks subject matter jurisdiction over such claims.

To the extent that plaintiff's complaint contains allegations regarding background events unrelated to his claims (*see* Doc. 1-1, at PageID 7-10), such allegations are not directed at defendants and are therefore subject to dismissal.  *See Iqbal*, 556 U.S. at 678.

Similarly, although named as defendants, plaintiff's complaint does not contain any allegations that plausibly suggest that defendants Bethany M. Walker or Brittany D. Nicely violated his constitutional rights.  *See id*.  Plaintiff's claims against these defendants should therefore be dismissed.

Accordingly, in sum, the complaint should be dismissed because plaintiff has failed to state a claim upon which relief may be granted.  28 U.S.C. §§ 1915(e)(2)(B); 1915A(b)(1).

## IT IS THEREFORE RECOMMENDED THAT:

1.  The complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

2.  The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds*, *Jones v. Bock*, 549 U.S. 199, 203 (2007).

*s/Stephanie K. Bowman*  
Stephanie K. Bowman  
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JTTONALI ONE EYE EL-BEY,  Case No. 1:21-cv-679
    Plaintiff,

                                      Barrett, J.
vs.                               Bowman, M.J.

BETHANY M. WALKER, et al., ,
    Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).