**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Jttonali One Eye El-Bey,

    Plaintiff,

        v.                               Case No. 1:21-cv-00679

Bethany M Walker, et al.,             Judge Michael R. Barrett

    Defendants.

## **ORDER**

This matter is before the Court on the Magistrate Judge's April 28, 2022 Report and Recommendation ("R&R"). (Doc. 9).

The Court gave Plaintiff proper notice under Federal Rule of Civil Procedure 72(b), including notice that he would waive further appeal if he failed to file objections to the R&R 14 days after service. (*Id.* PageID 65); *see United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Within that period, Plaintiff filed a document with this case number on it, that expressly references the Court's "ruling entered April 28, 2022," and is titled "Pursuant: Fed. R. Civ. P. 72(b)." (Doc. 10 PageID 66, 68). The Court will construe this filing as a timely objection to the April 28, 2022 R&R.

When the Court receives timely objections to a magistrate judge's R&R on a dispositive matter, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see* 28 U.S.C. § 636(b)(1).

Plaintiff disagrees with the R&R's finding that his allegations regarding a Clinton County Jail officer's handling of his legal mail on September 7, 2021 are insufficient to state a claim. (Doc. 10 PageID 66). The Bureau of Prisons' regulation regarding legal mail provides inmates with certain protections. *Compare* (*id.*), *with* 28 C.F.R. § 540.18. However, as the Magistrate Judge explained, an isolated incident of inadvertent mail interference does not state a claim that rises to the level of constitutional magnitude. (Doc. 9 PageID 62) (collecting cases). Plaintiff does not assert that the officials at his institution are, or were, regularly interfering with his incoming legal mail, and the Court is not persuaded by his objections. *See, e.g.*, *Davis v. Goord*, 320 F.3d 346, 351 (2nd Cir. 2003) ("While a prisoner has a right to be present when his legal mail is opened, an isolated incident of mail tampering is usually insufficient to establish a constitutional violation. Rather, the inmate must show that prison officials 'regularly and unjustifiably interfered with the incoming legal mail.'") (citations omitted).

The remainder of Plaintiff's objections relate to his state court-ordered child-support obligations. (Doc. 10 PageID 66-68). However, as the Magistrate Judge explained, this Court lacks subject matter jurisdiction over such claims. (Doc. 9 PageID 64). "Ohio juvenile courts retain exclusive jurisdiction over matters involving child custody and support." *Shabazz v. Xerox*, No. 1:14-CV-578, 2014 WL 4181600, at *6 (S.D. Ohio Aug. 21, 2014). The Court lacks subject matter jurisdiction over Plaintiff's claims relating to child-support orders, as those claims fall exclusively within the jurisdiction of the state courts," and Plaintiff's objections do not persuade the Court otherwise. *Shabazz*, 2014 WL 4181600, at *7.

In sum, and after a de novo review of the filings in this matter, the Court finds that the Magistrate Judge correctly determined that this case should be dismissed. *See* FED. R. CIV. P. 72(b)(3). The Court will adopt the R&R in its entirety.

In light of the foregoing, it is hereby **ORDERED** that the R&R (Doc. 9) is **ADOPTED**. Consistent with the recommendations therein, it is **ORDERED** that the Complaint is **DISMISSED with prejudice**, and the Court **CERTIFIES** that an appeal of this Order adopting the R&R would not be taken in good faith. It is further **ORDERED** that Plaintiff's Motion to Produce (Doc. 11) and Motion to Correct (Doc. 13) are each **DENIED as moot**.

**IT IS SO ORDERED.**

                                              _s/ Michael R. Barrett_____
                                              Michael R. Barrett, Judge
                                              United States District Court